RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; CORPORACIÓN DE CRÉDITOS E INVERSIONES, Intervener.

No. 217. Argued June 8, 1949.—Decided June 13, 1949.

*Vicente Géigel Polanco, Attorney General,* and *José A. García Malpica* for petitioner. *A. Cadilla Ginorio* for intervener, complainant in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On July 14, 1947, for purposes of the property tax for 1947–48, the Treasurer sent Corporación de Créditos e Inversiones a notice of assessment of its personal property, consisting of $20,000 of its stock. On October 16, 1947 the Treasurer sent the corporation a notice of imposition of a tax thereon in the amount of $434.

The corporation filed a complaint in the Tax Court alleging that it had pointed out administratively to the Treasurer that its personal property consisted of cash of $2,596.36 and furniture valued at $1,249.96, totalling $3,846.32; that it had asked the Treasurer to correct the assessment accordingly, in order for it to pay the corresponding tax; that the Treasurer had replied that he had assessed the property pursuant to § 320 of the Political Code because the corporation is a banking institution; that it was illegal for the Treasurer to assess it pursuant to §320 as it was not a banking corporation; that the corporation is not subject to a tax on its shares as they belong to the stockholders; and that it was not accompanying the complaint with a receipt for any part of the tax because it is not willing to pay any part thereof. The corporation prayed for a judgment setting aside the assessment.

The Treasurer moved to dismiss the complaint for lack of jurisdiction on two grounds. Thereafter, it abandoned the first ground. The second ground was that the taxpayer had not paid that part of the tax which it was willing to pay as required by § 309 of the Political Code, as amended by Act No. 222, Laws of Puerto Rico, 1942. The Tax Court overruled the motion to dismiss and a motion for reconsideration thereof. It then granted a series of motions of the Treasurer extending the latter's time to *plead* or answer.

Before the last extension expired, the Treasurer filed a motion to dismiss the case as academic on the ground that pursuant to § 303 of the Political Code he had cancelled the notice of assessment of property dated July 14, 1947 and had issued a new notice of assessment and had notified the corporation of a property tax based on the new notice. After conducting a hearing on the motion, the Tax Court entered an order reciting that the Treasurer had failed to answer the complaint in time and that the motion to dismiss as academic was equivalent to consent to the prayer of the complaint. It therefore entered an order sustaining the complaint. We granted certiorari to review this order.

 The error of the Tax Court seems obvious to us. The Treasurer did not violate the various orders extending his time to *plead* or to answer. Its motion to dismiss as academic was a pleading, and was filed within the time granted by the court. Nor did it constitute a consent to judgment. The Treasurer had every right under § 303 of the Political Code to cancel his original notice of assessment. When he did so, its validity was no longer before the court. The only thing left for the court to do was therefore to dismiss as academic the suit challenging the assessment.

 The Treasurer also urges us to hold that the Tax Court had no jurisdiction over the complaint because it shows on its face that the taxpayer had not paid that part of the tax which it was willing to pay as required by § 309. But once the Treasurer cancelled the original notice of assessment, the case became entirely academic, including the jurisdictional point the Treasurer pressed in the Tax Court and renews here. If the Treasurer desired a determination of this point, he should not have withdrawn the notice of assessment against which the suit was directed.

The order of the Tax Court will be reversed and a judgment will be entered dismissing the complaint as academic.

Mr. Justice Negrón Fernández did not participate herein.